```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                 SOUTHERN DIVISION
```

**TERRELL MICKLES, # 11733-003,**      *
                                        *
    **Plaintiff,**                    *
                                        *
vs.                                     * CIVIL ACTION NO. 24-00173-TFM-B
                                        *
**WALMART,**                            *
                                        *
    **Defendant.**                    *

## REPORT AND RECOMMENDATION

Plaintiff Terrell Mickles,[1] a federal prisoner proceeding without counsel, commenced this action by filing a "Civil Action Complaint" (Doc. 1). Mickles has not paid the filing fee for a civil action, nor has he filed a motion for leave to proceed *in forma pauperis* ("IFP"). Upon review of Mickles' complaint and prior litigation history, it is recommended that this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g), because Mickles is barred from proceeding IFP and did not pay the filing fee when he initiated this action.

**I.  Section 1915(g) and Mickles' Litigation History.**

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while

---

[1] Mickles was convicted of possession with intent to distribute crack cocaine in United States v. Terrell Mickels, No. 1:10-cr-00152-WS-B (S.D. Ala. June 29, 2011), and received a sentence that included 188 months in the custody of the United States Bureau of Prisons ("BOP"). He is listed in the BOP records as Terrell Mickels, BOP Register Number 11733-003.

> incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this provision is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee at the time he initiates suit when his next action is filed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (quoting 28 U.S.C. § 1915(g)), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 215-16 (2007).

Because Mickles is a prisoner who did not pay the fees to bring this civil action, the Court conducted a nationwide review of the civil records of the United States District and Appellate Courts to determine whether Mickles has had three or more actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be

granted.² From these records, the Court discovered that Mickles has had at least three actions or appeals dismissed for one of the foregoing reasons, including Mickels v. Moore, No. 1:14-cv-00086-WS-N (S.D. Ala. Sept. 24, 2014) (action dismissed as frivolous and for failure to state a claim), appeal dismissed, No. 14-14763-C (11th Cir. Mar. 2, 2015) (appeal dismissed as frivolous by a three-judge panel)³; Mickels v. Steele, No. 1:15-cv-00117-KD-C (S.D. Ala. May 12, 2016) (action dismissed as frivolous); and Mickles v. Springfield Med. Ctr. for Fed. Prisoners, No. 6:16-cv-03494-BP (W.D. Mo. Jan. 24, 2017) (action dismissed for failure to state a claim). Thus, Mickles qualifies as a "three-striker" under 28 U.S.C. § 1915(g) who "must pay the full filing fee at the time he *initiates* suit." See Dupree, 284 F.3d at 1236 (concluding that the proper procedure is for the district court to dismiss an action without prejudice when an inmate subject to the three-strikes

---

² This Court may take judicial notice of its own records and the records of other federal courts. Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

³ In Mickels v. Moore, supra, the district court's determination and the appeals court's determination are counted as two strikes. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996) ("Congress would have us count both the dismissal in the district court *and* the separate dismissal of the appeal as frivolous.") (emphasis in original), abrogated in part on other grounds by Coleman v. Tollefson, 575 U.S. 532, 537-38 (2015).

provision of § 1915(g) does not pay the filing fee in full at the time he initiates the suit). Indeed, Mickles has had multiple cases dismissed pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). See, e.g., Mickles v. Steele, No. 1:16-cv-00369-CG-B (S.D. Ala. Nov. 22, 2016); Mickles v. Chase Credit Card, No. 1:21-cv-00479-JB-N (S.D. Ala. Nov. 30, 2021); Mickles v. S. Dist. of Ala., No. 1:21-cv-10318-LTS (S.D.N.Y. Dec. 6, 2021). Thus, the present action is due to be dismissed without prejudice unless Mickles falls within the exception to § 1915(g).

To satisfy § 1915(g)'s imminent danger exception, Mickles' complaint must "plausibly allege imminent danger of serious physical injury." Daker v. Robinson, 802 F. App'x 513, 515 (11th Cir. 2020) (per curiam). In order to come within the exception, an inmate must be in imminent danger at the time he files suit in the district court. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Allegations of past harm are "insufficient to meet the imminent-danger requirement." Daker, 802 F. App'x at 515 (citing Medberry, 185 F.3d at 1193).

Mickles' complaint does not allege or even hint that Mickles was in imminent danger of serious physical injury at the time he filed his complaint, or at any other time. Accordingly, because Mickles is a three-striker who does not fall within § 1915(g)'s

imminent danger exception, he is barred from proceeding IFP in this action.

### III. Conclusion.

For the reasons set forth above, the undersigned recommends that this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g), because Mickles is a three-striker who has not paid the filing fee and does not meet § 1915(g)'s imminent danger exception.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen.LR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on

appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **3rd** day of **June, 2024.**

                                              **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**